UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUBYE BAKER, Personal Representative
For THE ESTATE OF STACEY BAKER,
deceased,

    Plaintiff,

v.                                                                 Case No. 04-CV-73679-DT

CITY OF DETROIT, FIRE DEPARTMENT     Honorable Patrick J. Duggan
EMERGENCY MEDICAL SERVICES
DIVISION - DETROIT EAST MEDICAL
CONTROL AUTHORITY, MARCUS
TOWNSEND and JOHN DOE I,

    Defendants.
_____/

**OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO VACATE
ORDER OF DISMISSAL OF ALL STATE CLAIMS AGAINST
CITY OF DETROIT EMS AND MARCUS TOWNSEND**

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on MAY 16, 2005.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

    This action was filed in the Wayne County Circuit Court on June 10, 2004.  In August 2004, Defendants filed a Motion for Summary Disposition contending that the City of Detroit, the Fire Department, and the Emergency Medical Services (EMS) are governmentally immune pursuant to MICH. COMP. LAWS ANN. § 691.1407(1).  Plaintiff filed

1

a response in opposition to this motion essentially arguing that, "[t]he City arguably is immune under Michigan law . . . " but contending that there may be liability under federal law pursuant to 42 U.S.C. § 1983.

It appears that subsequent to Plaintiff filing a response in opposition to the motion for summary judgment, Plaintiff filed a First Amended Complaint in the Wayne County Circuit Court.

On September 22, 2004, Defendants removed this action to this Court.

On December 21, 2004, this Court entered a "Stipulated Order" dismissing all state claims against the City of Detroit EMS and Marcus Townsend.

On April 19, 2005, Plaintiff filed a Motion to Vacate the Order of Dismissal of All State Claims. In the motion, Plaintiff's counsel acknowledges that on behalf of Plaintiff he stipulated to the dismissal of all state law claims but contends that he "recently learned" that the "EMS Division is operated on a proprietary basis . . . ." (Mot. at ¶ 6). Plaintiff's counsel offers no reason why, after having filed this action on June 10, 2004, he did not learn or obtain the information that he now claims he has that leads him to conclude that the City of Detroit EMS is a proprietary function, and therefore not subject to the defense of governmental immunity.

Plaintiff's counsel suggests that Defendants were aware of the fact that governmental immunity was not available to the Defendants as a defense to the state law claim.

Defendants contend otherwise. Not only were Defendants not aware that the City of Detroit EMS is a proprietary function and thus not subject to the defense of governmental

immunity but Defendants contend that, in fact, the City of Detroit EMS is not a proprietary function and the defense of governmental immunity is available to it to warrant dismissal of the state law claims.

Plaintiff's Motion to Vacate the Order of Dismissal must be denied for the following reasons:

(1) The Court is not persuaded that there is any basis for setting aside an order of dismissal to which Plaintiff's counsel stipulated. Although Plaintiff's counsel now contends that he was unaware of certain facts when he entered into the stipulation, there is nothing before the Court that persuades this Court that any information that he now has which he believes precludes the defense of governmental immunity on behalf of the City of Detroit EMS could not have, and should not have been obtained by counsel before entering into the stipulation.

(2) For the reasons set forth in Defendants' brief in opposition to this Motion, the Court is satisfied that, contrary to Plaintiff's counsel's position, that the City of Detroit EMS has available to it the defense of governmental immunity, there is nothing in the record to indicate that, in fact, the City of Detroit EMS is a proprietary function. Plaintiff simply refers to some testimony of Chief Gary Kelly that the "EMS Division . . . generates approximately 11-12 million dollars per year in revenue."

Defendants, on the other hand, cite the deposition testimony of Mr. Kelly in which he states that the EMS has never been profitable.

The fact that a department of city government generates revenue does not mean that it

is engaged in a proprietary function.

Nothing in Plaintiff's Motion or brief in support the Motion persuades this Court that Plaintiff's state law claims could survive the defense of governmental immunity.

For the reasons set forth above,

Plaintiff's Motion to Vacate the Order Dismissing All State Law Claims is **DENIED.**

**SO ORDERED.**

s/Patrick J. Duggan
Patrick J. Duggan
United States District Judge

Dated: May 16, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 16, 2005, by electronic and/or ordinary mail.

s/Marilyn Orem
Case Manager