UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUBYE BAKER, Personal Representative
For THE ESTATE OF STACEY BAKER,
deceased,

    Plaintiff,

v.                                                                                          Case No. 04-CV-73679-DT

CITY OF DETROIT, FIRE DEPARTMENT                       Honorable Patrick J. Duggan
EMERGENCY MEDICAL SERVICES
DIVISION - DETROIT EAST MEDICAL
CONTROL AUTHORITY, MARCUS
TOWNSEND and JOHN DOE I,

    Defendants.
_____/

**OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on JUNE 6, 2005.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

This matter is before the Court on Plaintiff's Motion for Reconsideration which asks the Court to reconsider its Opinion and Order of May 16, 2005. Plaintiff filed her Motion on May 31, 2005. For the reasons set forth below, Plaintiff's Motion shall be denied.

**I.**    **Background**

This action was filed in the Wayne County Circuit Court on June 10, 2004. In August

1

2004, Defendants filed a Motion for Summary Disposition contending that the City of Detroit, the Fire Department, and the Emergency Medical Services (EMS) are governmentally immune pursuant to MICH. COMP. LAWS ANN. § 691.1407(1). Plaintiff filed a response in opposition to this motion essentially arguing that, "[t]he City arguably is immune under Michigan law . . . " but contending that there may be liability under federal law pursuant to 42 U.S.C. § 1983.

It appears that subsequent to Plaintiff filing a response in opposition to the motion for summary judgment, Plaintiff filed a First Amended Complaint in the Wayne County Circuit Court. On September 22, 2004, Defendants removed this action to this Court.

On December 21, 2004, this Court entered a "Stipulated Order" dismissing all state claims against the City of Detroit EMS and Marcus Townsend. On April 19, 2005, Plaintiff filed a Motion to Vacate the Order of Dismissal of All State Claims. In the motion, Plaintiff's counsel acknowledged that on behalf of Plaintiff he stipulated to the dismissal of all state law claims but contended that he "recently learned" that the "EMS Division is operated on a proprietary basis . . . ." On May 16, 2005, this Court entered an Opinion and Order Denying Plaintiff's Motion to Vacate noting that (1) at the time Plaintiff's counsel entered into the stipulation, he could have and should have been aware of the facts which he contends preclude the defense of governmental immunity of behalf of the City of Detroit EMS, and (2) there is nothing in the record to indicate that the City of Detroit EMS is a proprietary function.

## II. Applicable Law and Analysis

Motions for reconsideration are governed by Eastern District of Michigan Local Rule 7.1(g)(3) which provides:

> (3)   Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Thus the Court will grant a motion for reconsideration if the moving party shows: (1) a "palpable defect," (2) that the defect misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. *Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 674 (E.D. Mich. 2002). A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).

Plaintiff has not alleged any "palpable defect by which the court and the parties have been misled." E.D. MICH. L.R. 7.1(g)(3). First, Plaintiff raises the same issue it raised in its Motion to Vacate, *i.e.*, that the EMS operates on a proprietary basis. Second, Plaintiff contends that because the EMS technicians were grossly negligent, they are not immune pursuant to MICH. COMP. LAWS ANN. § 333.20965(1). Again, Plaintiff's counsel fails to explain why, at the time he entered into the stipulation, he could not have and should not have been aware of the alleged gross negligence.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED.**

                                               s/PATRICK J. DUGGAN
                                               UNITED STATES DISTRICT JUDGE

Copies to:

Benjamin Whitfield, Jr., Esq.
Paula L. Cole, Esq.