UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUBYE BAKER, Personal Representative
For THE ESTATE OF STACEY BAKER,
deceased,

    Plaintiff,

v.                                                                                  Case No. 04-CV-73679-DT

CITY OF DETROIT, FIRE DEPARTMENT                  Honorable Patrick J. Duggan
EMERGENCY MEDICAL SERVICES
DIVISION - DETROIT EAST MEDICAL
CONTROL AUTHORITY, MARCUS
TOWNSEND and JOHN DOE I,

    Defendants.
_____/

**OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on September 6, 2005.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

This matter is before the Court on Plaintiff's Motion for Reconsideration which asks the Court to reconsider its Opinion and Order of August 5, 2005, which granted Defendants' Motion for Summary Judgment and dismissed Plaintiff's Complaint. Plaintiff filed her Motion on August 15, 2005. For the reasons set forth below, Plaintiff's Motion shall be denied.

1

Motions for reconsideration are governed by Eastern District of Michigan Local Rule 7.1(g)(3) which provides:

> (3)  Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Thus the Court will grant a motion for reconsideration if the moving party shows: (1) a "palpable defect," (2) that the defect misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. *Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 674 (E.D. Mich. 2002).  A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).

In her Motion for Reconsideration, Plaintiff merely raises the same issues she raised in her response to Defendants' Motion for Summary Judgment.  For example, Plaintiff has already argued that when Townsend administered the epinephrine, he was effectively placing decedent Baker "in custody."  Plaintiff's Motion for Reconsideration does not cite to any new evidence in the record which would convince the Court that a seizure occurred within the meaning of the Fourth Amendment.

Moreover, in her Motion, Plaintiff reasserts that the paramedics restrained decedent Baker's liberty so that a "special relationship" existed between decedent Baker and Defendants such that Defendants were under a constitutional duty to protect Baker.

However, the Court does not believe that the voluntary transportation of decedent Baker from her house to the hospital constitutes a restraint on decedent's liberty analogous to that of an incarcerated prisoner. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 103-04, 97 S. Ct. 285, 290-91 (1976).

Therefore, Plaintiff has not alleged any "palpable defect by which the court and the parties have been misled." E.D. MICH. L.R. 7.1(g)(3).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED.**

                                       s/PATRICK J. DUGGAN
                                       UNITED STATES DISTRICT JUDGE

Copies to:

Benjamin Whitfield, Jr., Esq.
Paula L. Cole, Esq.